United States District Court
Southern District of Texas
ENTERED
February 25, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 2:07-CR-101-2 |
| | § | (CIVIL ACTION NO. 2:15-CV-337) |
| BERNARDA ROMERO-VILLEDA. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Bernarda Romero-Villeda, through counsel, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 71. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2015) (2255 Rules). The Court dismisses Romero-Villeda's § 2255 motion because Romero-Villeda is not "in custody" and does not qualify for *coram nobis*. The Court also denies her a Certificate of Appealability on her § 2255 motion.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Romero-Villeda was arrested in February 2010 after she, her husband, and her minor children were stopped at the Sarita Border Patrol Check Point for an immigration check.

The agent discovered a man hiding under the front seat who admitted that he was a citizen of Mexico who was illegally present in the United States. D.E. 1. Romero-Villeda and her husband were arrested. They each appeared in federal court the following day and were appointed counsel. D.E. 9. At the Preliminary Examination and Detention Hearing, Romero-Villeda and her husband sought to substitute retained counsel, Albert Pena, III for Romero-Villeda and Reynaldo Pena for her husband. After a hearing on the possible conflict of interest, the Court granted the motions to substitute. *See* D.E. 79, pp. 10-17.

An Indictment followed charging Romero-Villeda and her husband with one count of aiding and abetting each other in the transportation of an unlawful alien within the United States using a motor vehicle in violation of Title 8 United States Code Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). D.E. 25. Romero-Villeda was arraigned on March 6, 2007.

On April 4, 2007, Romero-Villeda attempted to plead guilty pursuant to a plea agreement, but changed her mind. D.E. 74. Two days later, Romero-Villeda pleaded guilty to the Indictment pursuant to the same plea agreement. D.E. 32, 75.

A Presentence Investigation Report (PSR) was prepared that calculated her offense level at 12, less three levels because the transportation was not done for profit and credit for acceptance of responsibility result in a final offense level of 7. D.E. 38, ¶¶ 14-23. Romero-Villeda had no criminal convictions, but had four other stops in which undocumented aliens were found hidden in her vehicles by agents at Border Patrol Check

Points. *Id.*, ¶¶ 27-30. She was never prosecuted and the aliens were permitted voluntary returns.

Romero-Villeda was sentenced to six months imprisonment in the Bureau of Prisons, to be followed by three years supervised release in July 2007. D.E. 51. She did not appeal. Her conviction became final on July 18, 2007. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

## III. MOVANT'S ALLEGATIONS

Romero-Villeda claims that her retained counsel had an impermissible conflict of interest because she was represented by the father of the attorney who represented her husband. Romero-Villeda acknowledges that her claim is filed more than a year after her conviction became final, but urges the Court to equitably toll limitations because the motion was filed within a year after the facts supporting her claim could have been discovered with due diligence. Romero-Villeda states that she was deported in September 2007.

## IV. ANALYSIS

### A. Romero-Villeda is Not In Custody

A § 2255 motion may only be filed by a prisoner who is serving a federal sentence or is on federal supervised release for the sentence that the prisoner attacks. *See* 28 U.S.C. § 2255(a);[1] *Hollinger v. United States*, 345 F.2d 179, 179-80 (5th Cir. 1965) (per curiam).

[1] A *prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

Romero-Villeda is currently in custody for her illegal reentry in September 2015, *see* 7:15-CR-651, not as a result of her 2007 conviction.

Romero-Villeda served her sentence of imprisonment in this case. Her supervised release expired in August 2010, according to the Probation Department's records. As a result, Romero-Villeda does not fit within the category of persons who may seek relief pursuant to § 2255.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Romero-Villeda has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

---

> sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence*.

*Id*.(emphasis added).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Romero-Villeda cannot establish at least one of the *Slack* criteria. Accordingly, she is not entitled to a COA as to her claim.

## VI. CONCLUSION

Romero-Villeda does not qualify for relief pursuant to 28 U.S.C. § 2255. The motion (D.E. 71) is DISMISSED and she is DENIED a certificate of appealability.

Ordered this 15th day of February 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE